Matter of Thomas v Esplanade Gardens, Inc. (2025 NY Slip Op 02559)

Matter of Thomas v Esplanade Gardens, Inc.

2025 NY Slip Op 02559

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Friedman, Gesmer, Scarpulla, JJ. 

Index No. 158186/23|Appeal No. 4208|Case No. 2024-02395|

[*1]In the Matter of Adrienne Thomas et al., Petitioners-Appellants,
v
Esplanade Gardens, Inc., Respondent-Respondent, Ross Jackson et al., Respondents.

Smith, Buss & Jacobs, LLP, Yonkers (Kenneth H. Amorello of counsel), for appellants.
Braverman Greenspun P.C., New York (William J. Geller of counsel), for Esplanade Gardens, Inc., respondent.

Order, Supreme Court, New York County (Shahabuddeen Abid Ally, J.), entered on or about March 29, 2024, which granted the motion of respondent Esplanade Gardens, Inc. to dismiss the petition for failure to state a cause of action and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In this proceeding arising out of petitioners' removal from respondent's board of directors, Supreme Court properly held that the petition, in which petitioners challenge their removal, failed to state a cause of action (CPLR 3211[a][7], 7804[f]).
The board of directors of respondent Esplanade Gardens Inc. rationally interpreted its by-laws to bar petitioners from divulging the information that the New York City Department of Housing Preservation and Development (HPD) directed respondent's management company to commence an administrative proceeding regarding a board member's alleged nonresidency, because this information constituted confidential "information from a shareholder's file maintained by management" (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]; see James v National Arts Club, 99 AD3d 523, 525 [1st Dept 2012], lv dismissed 21 NY3d 886 [2013]). Petitioners did not merely raise the issue of the board member's residency, but also highlighted nonpublic information — HPD's assessment that there were sufficient grounds to commence an administrative proceeding claiming nonprimary residence — that was divulged to petitioners in their roles as board members and was contained in the allegedly nonresident board member's shareholder file. As a result, because the removal notices alleged that petitioners divulged information regarding information from management's shareholder file, the business judgment rule protects the board's finding that petitioners disseminated confidential information to other shareholders.
For the same reasons, we find that the board did not violate lawful procedure by holding the removal meeting in executive session, as the matter presented "confidential issues affecting individual shareholders or residents" (Public Housing Finance Law § 17[4][a]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025